FILED
U.S. IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 16 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHARLES BAUR,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM ORDER**
10-CV-3781 (CBA)

AMON, Chief United States District Judge:

Charles Baur, pro se, has filed suit against the Commissioner of Social Security, 42 U.S.C. § 405(g), alleging that, between February and August 2010, the Commissioner improperly withheld benefits due him under Title II of the Social Security Act. For the reasons that follow, the complaint is dismissed.

## BACKGROUND

By letter dated March 26, 2008, the Commissioner notified Baur that he had not been eligible for Title II benefits from November 2007 through February 2008 because during those months Baur had a warrant outstanding for his arrest. (Herbst Decl. Ex. 1.) The letter further explained that, apparently as a result of this ineligibility, Baur had received $5,303.70 in benefits to which he was not entitled. (Id. at 3; Herbst Decl. ¶ 3(a).)

The Commissioner informed Baur that he had the right to challenge that overpayment determination or request a repayment waiver, and explained how Baur could exercise those rights. (Herbst Decl. Ex. 1.) There is no evidence that Baur exercised those rights in any way. (Herbst Decl. ¶ 3(i).)

1

By letter dated June 19, 2008, the Commissioner also notified Baur that he had not been eligible for benefits from February to March 2008 because he had been imprisoned during that period. (Id. ¶ (3)(c).)

Baur was also told that there had been an overpayment, that the Commissioner had withheld $1,237 to recover some or all of that overpayment, and that Baur still had an outstanding overpayment in the amount of $5,400.10. (Herbst Decl. Ex. 3.)

The June 19, 2008 letter stated that Baur had the right to challenge the Commissioner's determination or to seek a repayment waiver, and explained how Baur could exercise those rights. (Id.) There is no evidence that Baur exercised those rights in any way. (Herbst Decl. ¶ 3(i).)

By letter dated January 6, 2010, the Commissioner notified Baur that he was entitled to Title II benefits beginning January 2010, but that the Commissioner planned to withhold all monthly benefits, beginning in January 2010, to recover an outstanding overpayment. (Herbst Decl. Ex. 4.) Again, Baur was informed of his right to challenge the Commissioner's determination or to request a repayment waiver, and, again, Baur did not exercise those rights. (Herbst Decl. ¶ 3(i).)

By letter dated June 18, 2010—which was addressed to Baur and sent care of a "Jaffee" who maintained an apartment in Baur's building—the Commissioner informed Baur that his June 9, 2010 benefits payment had been returned and that the Commissioner had halted future payments because the Social Security Administration apparently did not have an accurate address to which to send benefits. (Herbst Decl. Ex. 5.)

By letter dated August 4, 2010 (also sent care of Jaffee), the Commissioner informed Baur that he had been sent a check for $412 as payment for benefits due through June 2010. (Herbst Decl. Ex. 6.)

By letter dated August 9, 2010 (again sent care of Jaffee), the Commissioner notified Baur that he was entitled to $2,583.90 through July 2010 and to $1,411 each month thereafter. (Herbst Decl. Ex. 7.) The letter further informed Baur that the benefits he would receive had been reduced by $1,411 because he had already received a check in that amount. (Id.)

That August 9, 2010 letter explained that Baur had the right to challenge the Commissioner's determination reflected in that letter and explained Baur's appeal rights. (Id.) There is no record of Baur challenging the Commissioner's determination in any way. (Herbst Decl. ¶ 3(i).)

On August 13, 2010, Baur filed the one-page, handwritten complaint that is the subject of this order, alleging that the Commissioner owed him $6,800 in benefits due for the months February 2010 through August 2010. (Compl. ¶ III.) The complaint stated that Baur was filing suit under 42 U.S.C. § 405(g) and requested as a remedy "about $6,800." (Id. ¶¶ II, IV.)

By letter dated September 7, 2010 (and sent to a Forest Hills address, care of Marjorie Murray), the Commissioner informed Baur that he had been sent a check for $2,995 as payment for benefits due through August 2010. (Herbst Decl. Ex. 8.)

## DISCUSSION

The Commissioner has moved to dismiss Baur's complaint for want of jurisdiction, Fed. R. Civ. P. 12(b)(1), arguing that Baur has not exhausted his remedies before the Social Security Administration with respect to the determination set forth in the Commissioner's January 6, 2010

letter, which is the determination that the Commissioner treats as subject to the exhaustion requirement.

The motion has been filed unopposed because, after multiple court-ordered attempts, the Commissioner has been unable to serve Baur, who is apparently now homeless, at any one of the several addresses that Baur has provided the Commissioner and the Court in this and other litigation.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." Id. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id.

The Social Security Act provides district courts with jurisdiction to decide challenges to only certain Title II benefits determinations and only after the Commissioner has issued a "final decision." 42 U.S.C. §§ 405(g), (h). The Act does not itself define the term "final decision," but it does provide the Commissioner with authority to do so. Id. § 405(a); see also Weinberger v. Salfi, 422 U.S. 749, 766–67 (1975).

Pursuant to that authority, the Commissioner has established a multi-step review process by which "initial determinations"—including the determination (set forth in the January 6, 2010 letter) that is at issue in this case—become "final decisions" subject to judicial review. See 20 C.F.R. § 404.900 et seq.

Baur did not exhaust his administrative remedies consistent with these regulations. Instead, he filed suit in federal court without first engaging the Social Security Administration in

any way. No exception to the exhaustion requirement applies to these facts. His complaint must be dismissed.

## CONCLUSION

For the reasons stated, the complaint is dismissed. This dismissal is without prejudice to file, if necessary, a second complaint in the event that administrative remedies are exhausted at some future time.

In this regard, the Court notes that, although Baur had sixty (60) days in which to request reconsideration of the January 6, 2010 initial determination at issue in this case, the Commissioner may extend the time in which to seek reconsideration for good cause shown. See 20 C.F.R. § 404.909. Potentially relevant here, good cause includes failure to receive notice of the disputed determination or decision. Id. § 404.911(7).

The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
May 16, 2011

/Signed by Judge Carol Bagley Amon/

Carol Bagley Amon
United States District Judge

**Copy mailed to address provided
to the Court by plaintiff on February 22, 2011:**

*Charles Baur
88-40 164th Street
Jamaica, NY 11432*

5